**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **z4 Technologies, Inc.,** | ) | |
| *Plaintiff,* | )<br>) | |
| | ) | **HONORABLE Leonard Davis** |
| vs. | )<br>) | **CIVIL ACTION NO. 6:06-cv-00258** |
| | ) | |
| **Microsoft Corporation** | )<br>)<br>) | |
| *Defendant.* | )<br>) | ***JURY TRIAL DEMANDED*** |

# JOINT RULE 26(f) REPORT

Pursuant to Rule 26(f) and the Court's local rules, plaintiff z4 Technologies, Inc. ("z4") and defendant Microsoft Corporation ("Microsoft") submit the following Joint Report.

**A.    Description Of The Case**

    **1.    z4**

z4 is the assignee of two patents related to the prevention of software piracy. The inventor of these patents, David Colvin ("Colvin"), founded and owns z4. The '825 patent claims priority to the '471 patent through continuation applications, and thus shares an effective filing date of June 4, 1998. These patents are directed specifically to the problem of illicit copying and unauthorized use of computer software.

In a previous case (*z4 I*), z4 sued Microsoft for infringement under 35 U.S.C. §271(a). The jury in *z4 I* found that Microsoft makes, uses, sell, and offers for sale products, including Microsoft Windows XP and Microsoft Office, that include "Product Activation" technology that

**JOINT RULE 26(f) REPORT**

infringes claim 32 of the '471 patent and claims 44 and 131 of the '825 patent. That jury also found Microsoft's infringement willful, rejected Microsoft's defenses, and awarded damages of $115 million. In *z4 I*, z4 accepted Microsoft's reports on the number of units of infringing product sold worldwide. Thus, the number of units of infringing product sold was not disputed in *z4 I*. Accordingly, the jury's royalty rate is easily computed as $0.251 per unit sold.

This Court rejected Microsoft's inequitable conduct defense. It also found that Microsoft had engaged in litigation misconduct and awarded attorney fees and $25 million in enhanced damages. On August 18, 2006, the Court entered judgment against Microsoft.

On June 14, 2006, the Court denied z4's motion for a permanent injunction. In that order, the Court instructed z4 to file a second complaint, which is the complaint in the present case. It also instructed Microsoft to provide quarterly reports to z4 "indicating the number of units sold with regard to all Microsoft products found to infringe z4's patents in this case." Microsoft has provided such reports to z4.

The Federal Circuit Court of Appeals affirmed the *z4 I* judgment in an opinion dated November 16, 2007 in its entirety.

In the present case, Microsoft moved to stay all proceedings until Microsoft exhausted all of its appeal rights. On October 30, 2006, the Court denied Microsoft's motion.

*Res judicata* governs the proceedings in the present case. z4 asserts the same patents, and the same patent claims, as in *z4 I* against the same products and the same Product Activation technology.[1] Accordingly, the only issues for the court are (1) z4's damages, which can be

---

[1] Microsoft has announced that it intends to change the Product Activation technology used in the adjudicated Windows XP and Office products at some future date. If Microsoft does make the change it announced, those products will not be the subject of the present lawsuit.

measured at the jury's royalty rate of $0.251 per unit sold, (2) to what extent is z4 entitled to attorney fees and enhanced damages in the present case, and (3) whether z4 is entitled to a permanent injunction against further infringement.

z4 believe these issues can be decided on summary judgment and asks the court to set a summary judgment briefing schedule.

### 2. Microsoft

Microsoft has not exhausted all of its appeal rights in *z4 I*. Currently pending before the Federal Circuit is Microsoft's Combined Petition for Panel Rehearing and Rehearing En Banc.

Whether or not *z4 I* is affirmed, there are several previously undecided issues unique to this case that will need to be resolved by stipulation, motion, or trial. These include the amount of damages (both royalty and sales base, neither of which was independently addressed by the jury in *z4 I*) and whether Microsoft's post-verdict sales of the accused products is "willful" infringement under the new In re Seagate standard, a landmark change in the law of willfulness.

The jury in *z4 I* decided a lump sum of damages without identifying any particular sales base or applying any stated royalty percentage. Even if *z4 I* is affirmed on appeal, it would be impossible to know what royalty rate or damages base the jury applied in reaching its verdict. As a result, *res judicata* can not possibly apply to any particular royalty amount as z4 contends.

Independently, after the damages verdict the Supreme Court decided *Microsoft Corp. v. AT&T Corp.*, overturning Federal Circuit law and preventing recovery of any damages for software sold outside the United States. z4 cannot obtain damages on foreign sales.

In addition, after the verdict, z4 stipulated with Autodesk that its new product activation technology does not infringe either of the patents in suit. This post-verdict factual development

contravenes the position of z4 taken at trial that there were no commercially viable non-infringing alternatives to its patented technology, and is a factor that the jury would also have to take into account in this case in assessing a proper royalty, not to mention the new product activation technology of Microsoft, which Microsoft believes clearly does not infringe. In addition, the Supreme Court's post-verdict decision in *KSR* impacts one or more of the royalty factors in a Georgia Pacific analysis and likewise will have to be taken into account in any royalty determination in this case.

Regarding willfulness, in *Seagate*, the Federal Circuit announced that "proof of willful infringement permitting enhanced damages requires at least a showing of **objective recklessness**." *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (emphasis added). *Seagate* requires proof of an objectively high risk of infringement and validity, and a conscious disregard of that risk. The Federal Circuit further held that a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Id*. at 1374. Even if *z4 I* is affirmed on appeal, z4 would not be entitled to enhanced damages due to willful infringement for new sales in this case.

**B.** **Rule 26(f) Conference**

The parties met and conferred pursuant to Fed. R. Civ. P. 26(f) at 7:30 p.m. Central time on December 5, 2007. The teleconference was attended by Thomas Lewry, Frank Angileri, John Le Roy, and T. John Ward on behalf of z4, and John Gartman and Matthew Bernstein on behalf of Microsoft.

**C.** **Related Cases**

*z4 Technologies., Inc. v. Microsoft Corporation et al.*, Eastern District of Texas Civil Action No. 6:06-cv-0142 ("*z4 I*").

*z4 Technologies, Inc. v. Microsoft Corporation*, Eastern District of Texas Civil Action No. 6:07-cv-540.

**D.     Expected Length Of Trial**

    **1.     z4**

z4 believes that all issues can be resolved on summary judgment and no trial is necessary.

    **2.     Microsoft**

If *z4 I* is affirmed on appeal and this case proceeds, Microsoft believes that some or all of the issues could be resolved by stipulation or motion, but there is no guarantee that this will occur. If there is a trial, Microsoft believes the trial would take two days.

**E.     Trial Before Magistrate Judge**

    **1.     z4**

z4 does not consent to trial before the Magistrate Judge.

    **2.     Microsoft**

Microsoft does not consent to trial before the Magistrate Judge.

**F.     Jury Demand**

    **1.     z4**

z4 has demanded a jury trial, but believes that all issues can be resolved on summary judgment and no trial is necessary.

    **2.     Microsoft**

If *z4 I* is affirmed on appeal and this case proceeds, Microsoft demands a jury trial on all issues so triable.

**G.       Modification Of Court's Proposed Docket Control Order**

**1.       z4**

The only discovery needed is (1) sales of products, which use the adjudicated Product Activation technology, that were not included in the judgment entered August 18, 2006 and (2) Microsoft's claim that its on-going post-trial infringement is not willful despite the certainty that those sales are infringing.  Accordingly, z4 asks the Court to set a deadline of **January 15, 2008** to complete discovery and a deadline of **January 24, 2008** for the parties to submit summary judgment motions.

**2.       Microsoft**

Microsoft's appeal of the jury verdict and subsequent entry of judgment is still pending. Microsoft requests that until the appeal process has been completed that Microsoft continue to provide quarterly reports pursuant to the Court's prior order, but that no further action be taken until all appeals are resolved.

Should *z4 I* be affirmed, Microsoft requests that z4's expert report on damages, providing all of the reasons for the additional damages to which z4 believes it is entitled, as well as z4's basis for recovering any damages on non-United States units and the royalty rate on U.S. sales, should be served no later than 60 days after all Microsoft appeal avenues have been exhausted. Microsoft's responsive expert report should be due 30 days after the service of z4's expert report. The parties would take expert depositions within the next 21 days, after which the parties should then meet and confer for 30 days in an effort to stipulate to an additional damages amount.

Should the parties not reach agreement on the additional damages amount, summary judgment motions should then be due within 30 days of the end of the meet and confer period.

Microsoft additionally requests that any expert report by z4 claiming there are no non-infringing alternative designs be submitted within 60 days of resolution of all appeals in *z4 I*, with Microsoft's responsive report due within 30 days.  Expert depositions would be taken within the next 21 days.

**H.     Discovery Limits**

   **1.     z4**

Discovery should be limited to (1) sales of products, which use the adjudicated Product Activation technology, that were not included in the judgment entered August 18, 2006 and (2) Microsoft's claim that its on-going post-trial infringement is not willful despite the certainty that those sales are infringing.

   **2.     Microsoft**

Microsoft's appeal of the jury verdict and subsequent entry of judgment is still pending. Microsoft requests that until the appeal process has been completed that Microsoft continue to provide quarterly reports pursuant to the Court's order, but that no further action be taken in this case.

Should the jury verdict and judgment not be overturned on appeal, Microsoft believes that discovery should be limited to the discovery referenced above in this report, which includes the following:

(A) Discovery on the quarterly reports Microsoft provided to z4 pursuant to Court order.

(B) Discovery into z4's basis, if any, that it is entitled to damages for any non-United States sales contained in the quarterly reports provided by Microsoft pursuant to Court order, in light of the Supreme Court's decision in *Microsoft Corp. v. AT&T Corp.*; and discovery into z4's basis, if any, for stating that viable non-infringing alternatives do not exist.

(C) Expert discovery from any damages experts who submit expert reports.

(D) Expert discovery from any experts who submit expert reports on the viability of non-infringing alternative technologies.

**I.     Protective Order**

A protective order has already been entered in the present case.

**J.     Technical Advisor Or Special Master**

No technical advisor or special master is needed.

**K.     Number Of Claims Asserted**

z4 is asserting claims for patent infringement of two patents.

**L.     Possibility Of Early Mediation**

The parties have participated in numerous mediation sessions.  The parties do not believe that further mediation would be productive

**M.     The Subjects On Which Discovery May Be Needed**

    **1.     z4**

Discovery is needed on (1) sales of products, which use the adjudicated Product Activation technology, that were not included in the judgment entered August 18, 2006 and (2) Microsoft's claim that its on-going post-trial infringement is not willful despite the certainty that those sales are infringing.

    **2.**    <u>**Microsoft**</u>

Microsoft has specified above in sections G and H the discovery it believes is needed.

Microsoft's appeal of the jury verdict and subsequent entry of judgment is still pending. Microsoft requests that until the appeal process has been completed that Microsoft continue to provide quarterly reports pursuant to the Court's order, but that no further action be taken in this case.

Should the jury verdict and judgment not be overturned on appeal, Microsoft believes that discovery should be limited to the discovery referenced above in this report, which includes the following:

(A) Discovery on the quarterly reports Microsoft provided to z4 pursuant to Court order.

(B)  Discovery into z4's basis, if any, that it is entitled to damages for any non-United States sales contained in the quarterly reports provided by Microsoft pursuant to Court order, in light of the Supreme Court's decision in *Microsoft Corp. v. AT&T Corp.*; and discovery into z4's basis, if any, for stating that viable non-infringing alternatives do not exist.

(C) Expert discovery from any damages experts who submit expert reports.

(D) Expert discovery from any experts who submit expert reports on the viability of non-infringing alternative technologies.

**N.**    <u>**Discovery Of Electronically Stored Information**</u>

    **1.**    <u>**z4**</u>

Microsoft's revenue from products that include the adjudicated Product Activation technology should be provided in electronic form.  Likewise, Microsoft should provide the information contained in its quarterly reports in electronic form.

  **2.** **Microsoft**

Microsoft believes that the need for electronic discovery in this case is limited to electronic copies of the quarterly reports it has produced.

**O.** **Patent Rule 2-1 Topics:**

  **1.** **z4**

The Patent Rules are not needed in the present case.

  **2.** **Microsoft**

The Patent Rules are not needed in the present case.


**Respectfully submitted,**

By: /s/ Thomas A. Lewry
THOMAS A. LEWRY (MI Bar No. 36399)
  **Lead Attorney**
**BROOKS KUSHMAN P.C.**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel: (248) 358-4400
Fax: (248) 358-3351
Email: tlewry@brookskushman.com

T. John Ward (State Bar No. 00794818)
Ward & Smith Law Firm
P.O. Box 1231
Longview, Texas 75606-1231
Email: jw@jwfirm.com

Joe Kendall (Texas State Bar No. 11260700)
Provost Umphrey, L.L.P.
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Email: jkendall@provostumphrey.com

  *Attorneys for Plaintiff*

**FISH & RICHARDSON P.C.**

By: /s/ John E. Gartman
  John E. Gartman (CA SBN 152300)
  **Lead Attorney**
  Matthew C. Bernstein (CA SBN 199240)
  Seth M. Sproul (CA SBN 215919)
  FISH & RICHARDSON P.C.
  12390 El Camino Real
  San Diego, California 92130
  Tel: (858) 678-5070
  Fax: (858) 678-5099

  Jennifer P. Ainsworth
  WILSON SHEEHY KNOWLES
  ROBERTSON & CORNELIUS, P.C.
  909 ESE Loop 323, Suite 400
  Tyler, Texas 75701
  Tel: (903) 509-5000
  Fax: (903) 509-5091
Counsel for Defendants
MICROSOFT CORPORATION

CERTIFICATE OF SERVICE

       I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated:  December 14, 2007                    /s/ Thomas A. Lewry
                                                Thomas A. Lewry