# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

———————

| | |
|---|---|
| **Z4 TECHNOLOGIES, INC.,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| **MICROSOFT CORPORATION,** | ) |
| | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

**HONORABLE** <u>Leonard Davis</u>

**CIVIL ACTION NO.** <u>6:06-cv-00258</u>

# z4 TECHNOLOGIES, INC.'S
## <u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

z4 TECHNOLOGIES, INC.'S MOTION
FOR PARTIAL SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

**Page**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT . . . . . . . . . . . . .  iii

STATEMENT OF UNDISPUTED MATERIAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . .  iv

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

        A.      *Res Judicata* Principles . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

        B.      z4 Is Entitled To Summary Judgment That All
                Units Of Microsoft Software With Adjudicated
                Product Activation Technology Infringe, And Hence
                Warrant Compensation, Regardless Where Sold . . . . . . . . . . . . . . . . . . . . .  5

        C.      z4 Is Entitled To Summary Judgment That Microsoft's
                Continuing Infringement Was And Is Willful . . . . . . . . . . . . . . . . . . . . . . . .  7

        D.      Validity And Enforceability Are Undisputed . . . . . . . . . . . . . . . . . . . . . . . .  9

        E.      The Compensation *Rate* Is A Decision For *This
                Court* After Briefing/Hearing On The Matter . . . . . . . . . . . . . . . . . . . . . . .  10

                1.      *Paice v. Toyota* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

                2.      *Amado v. Microsoft* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

                3.      Summary Of Principles From *Paice* And *Amado* . . . . . . . . . . . . . .  13

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

# INDEX OF AUTHORITIES

## CASES

*Amado v. Microsoft Corp.*,
____ F.3d ___, 2008 WL 495760 (Fed. Cir. 2008) . . . . . . . . . . . . . . . 2, 11, 12, 13

*Bott v. Four Star Corp.*,
807 F.2d 1567 (Fed. Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Brown v. Felsen*,
442 U.S. 127 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8

*Foster v. Hallco Mfg. Co.*,
947 F.2d 469 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7, 8

*Hallco Mfg. Co. v. Foster*,
256 F.3d 1290 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Paice LLC v. Toyota Motor Corp.*,
504 F.3d 1293 (Fed. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 11, 12, 13

*Petro-Hunt, L.L.C. v. U.S.*,
365 F.3d 385 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8

*In re Seagate*,
497 F.3d 1360 (Fed. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*z4 Technologies, Inc. v. Microsoft Corp.*,
507 F.3d 1340 (Fed. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 7

*Test Masters Educational Services v. Singh*,
428 F.3d 559 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATUTES

35 U.S.C. § 271(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

35 U.S.C. § 283 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel     (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

## STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

1.      Whether z4 Technologies is entitled to summary judgment of the issue of infringement (including the issue of so-called "foreign sales") under the principles of *res judicata*.

2.      Whether z4 Technologies is entitled to summary judgment of the issue of willfulness under the principles of *res judicata*.

3.      Whether z4 Technologies is entitled to summary judgment of the issue of validity under the principles of *res judicata*.

4.      Whether z4 Technologies is entitled to summary judgment of the issue of enforceability under the principles of *res judicata*.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield,  MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      The instant action arises from a jury's verdict, and affirmed judgment, in Civil Action No. 6:06-CV-00142 ("*z4 I*").  The jury and Court found, and the Federal Circuit affirmed: (1) that the Product Activation software and method used on Microsoft Corporation's ("Microsoft") Windows XP and Office products ("Adjudicated Product Activation Technology") infringes claim 32 of U.S. Patent No. 6,044,471 and claims 44 and 131 of U.S. Patent No. 6,785,825 under 35 U.S.C. § 271(a); (2) the infringement was willful; (3) the asserted claims are valid; and (4) the patents are enforceable.  (Ex. 1, *z4 I* Verdict; Ex. 2, August 18, 2006 Order denying post-trial motions in *z4 I*; *z4 Technologies, Inc. v. Microsoft Corp.*, 507 F.3d 1340 (Fed. Cir. 2007).)

2.      In *z4 I*, z4 accused <u>all</u> units of Microsoft software with Adjudicated Product Activation Technology — including units sold outside the U.S. — of infringing under 35 U.S.C. § 271(a).  (Ex. 4, Petition, p. 11; Ex. 5, 4/13/06 Tr., p. 127.)

3.      The jury found infringement under 35 U.S.C. § 271(a) for all accused units regardless of where sold.  (Ex. 3, 6/14/06 Injunction Order, p.12; Ex. 6, 1/9/08 Resp. to Int. No. 1, p. 4; Ex. 1, *z4 I* Verdict.)

4.      Because this case involves the identical accused Adjudicated Product Activation Technology, *res judicata*/claim preclusion bars all defenses — including a non-infringement defense that units sold outside the U.S. do not infringe.

5.      In *z4 I*, z4 was awarded damages for many infringing units sold through February 2006.  Accordingly, z4 is entitled to summary judgment in the instant case that z4 is



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield,  MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

entitled to compensation for all units of software not adjudicated in *z4 I* that include Adjudicated Product Activation Technology, regardless where sold.

6.      The question of "whether Microsoft was willful at all" pre-verdict has been decided and *res judicata* forecloses any re-litigation of the issue.  (Ex. 1, Verdict.)

7.      Post-verdict, Microsoft now knows that the jury, this Court, and the Federal Circuit agree that the Adjudicated Product Activation Technology infringes the z4 patents, yet it continues to make, use, and sell infringing software.  Microsoft could not be more willful.

8.      Both prongs of the *Seagate* test are undeniably met.  First, at least since April 19, 2006, Microsoft acted — continued to sell software with Adjudicated Product Activation Technology — despite the jury's verdict that z4's patent was valid and infringed.  Microsoft has continued to so "act" after the Court denied its post-trial motions for JMOL and new trial.  Even today, after the Federal Circuit's affirmance and denial of Microsoft's petition of rehearing.  That constitutes "an objectively high likelihood [of] infringement of a valid patent."

9.      Second, "this objectively-defined risk"  was "known" and "so obvious that it should have been known to" Microsoft.  Microsoft was aware of all the rulings, so the risk was plainly known.

10.      z4 is entitled to summary judgment that Microsoft's continuing infringement is willful.

**BK**

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

11.     Post-appeal, Microsoft has not contested validity in the instant case, and has never questioned enforceability in this case.  Accordingly, z4 is entitled to summary judgment on validity and enforceability.



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

# I.  INTRODUCTION

z4 Technologies, Inc. ("z4") moves for partial summary judgment on infringement (including the issue of so-called "foreign sales"), willfulness, validity, and enforceability.  In addition, z4 asks the Court to set a "Phase 2" discovery and briefing schedule to determine the compensation rate, total compensation, and any enhancement.

The instant action arises from a jury's verdict, and affirmed judgment, in Civil Action No. 6:06-CV-00142 ("*z4 I*").  The jury and Court found, and the Federal Circuit affirmed:  (1) that the Product Activation software and method used on, *inter alia*, Microsoft Corporation's ("Microsoft") Windows XP and Office products ("Adjudicated Product Activation Technology") infringes claim 32 of U.S. Patent No. 6,044,471 and claims 44 and 131 of U.S. Patent No. 6,785,825 under 35 U.S.C. § 271(a); (2) the infringement was willful; (3) the asserted claims are valid; and (4) the patents are enforceable.  (Ex. 1, *z4 I* Verdict; Ex. 2, August 18, 2006 Order denying post-trial motions in *z4 I*; *z4 Technologies, Inc. v. Microsoft Corp.*, 507 F.3d 1340 (Fed. Cir. 2007).)

The instant action arises in particular from this Court's June 14, 2006 decision not to enjoin Microsoft in *z4 I*.  In lieu of equitable relief in the form of injunction, this Court sought "an efficient method for z4's recovery of future monetary damages post-verdict." (Ex. 3, p. 12.)  "The Court craft[ed] such a remedy by severing z4's continuing causes of action for monetary damages due to Microsoft's continuing post-verdict infringement of z4's patents" and ordering "z4 to file an appropriate complaint." (Ex. 3, p. 12.)  z4 accordingly filed the instant action, Case No. 6:06-CV-258 ("*z4 II*").



**Brooks Kushman P.C.**
1000 Town Center, 22ᶰᵈ Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

Two Federal Circuit cases decided since this Court's June 2006 decision have made it clear that:  (1) monetary compensation in lieu of an injunction is an equitable determination; (2) the Court is not limited to the jury rate; (3) whatever rate the Court chooses, the Court must provide an explanation for the rate — *i.e.,* merely adopting the jury's rate without analysis is not permitted.  *Paice LLC v. Toyota Motor Corp.,* 504 F.3d 1293, 1314-16 (Fed. Cir. 2007); *Amado v. Microsoft Corp.*, ____ F.3d ___, 2008 WL 495760, *7-8 (Fed. Cir. 2008).  Accordingly, z4 agrees with Microsoft that the compensation <u>rate</u> for "Microsoft's continuing post-verdict infringement of z4's patents" is an open issue for this Court, although the parties do not agree on that rate.

However, because this case, by definition, involves the same patent claims and same infringing products adjudicated in *z4 I*, ***res judicata* bars re-litigation of <u>any</u> other issue.** *Res judicata* bars Microsoft from raising any defense that it raised or could have raised in *z4 I*.

Microsoft, nonetheless, asserts a non-infringement defense.  Microsoft argues that copies of software it sold outside the United States containing Adjudicated Product Activation Technology do not infringe under § 271(a).  Microsoft failed to raise or preserve that issue in *z4 I*.  Applying *res judicata*, it cannot raise the defense now.  Accordingly, z4 seeks summary judgment that **all** Microsoft software containing Adjudicated Product Activation Technology infringes, regardless of where sold.

Microsoft also asserts that it is not willfully infringing z4's patents by continuing to sell software with Adjudicated Product Activation Technology.  To the extent Microsoft is trying to re-litigate the willful infringement that occurred before the verdict, its argument is barred by *res judicata.*  To the extent Microsoft is arguing its continuing post-verdict



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

infringement is not willful, that position is baseless.  A jury found willful infringement, the Court denied Microsoft's JMOL and new trial motions, the Federal Circuit affirmed, yet Microsoft continues to infringe.  If that is not willful, nothing is.

Validity and enforceability are not disputed.  Accordingly, the Court should enter partial summary judgment that:

(1)     all copies of Microsoft software with Adjudicated Product Activation Technology infringe;

(2)     the infringement is willful;

(3)     claim 32 of the '471 patent and claims 44 and 131 of the '825 patent are valid;

(4)     the '471 and '825 patents are enforceable; and

(5)     the only issues remaining, *i.e.*, the compensation rate, total compensation and enhancement, are for the Court.

The Court should also schedule (a) a brief discovery and expert period; and (b) briefing and hearing on remaining issues set forth in (5) above.

**B|K**

**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

## II.  <u>ARGUMENT</u>

A.      <u>*Res Judicata* **Principles**</u>

"In its simplest construct, *res judicata* precludes the relitigation of a claim, or cause of action, or any possible defense to the cause of action which is ended by a judgment of the court.  *See Restatement (Second) of Judgments* §§ 18, 19 (1982)."  *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 476 (Fed. Cir. 1991).  "The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion."  *Test Masters Educational Services v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005); *Foster*, 947 F.2d at 478.

Where, as here, a second case involves the same accused product adjudicated in an earlier case, <u>claim preclusion</u> applies and bars <u>any</u> re-litigation of infringement and validity:

> *Foster* specifically stated that, if the second device was the same as the first device, "the issue of validity (*as well as infringement*) is barred by [the proceeding regarding the first device]."

> *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1297-98 (Fed. Cir. 2001) (*quoting, Foster*, 947 F.2d at 483) (emphasis added by *Hallco* court).

Claim preclusion bars all defenses that were raised or could have been raised in the first action:

> The general concept of claim preclusion is that when a judgment is rendered in favor of a party to litigation, the plaintiff may not thereafter maintain another action on the same "claim," and defenses that were raised or *could have been* raised by the defendant in that action are extinguished. See *Restatement*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

(Second) of Judgments, §§ 18, 19 & comments (emphasis added).

Foster, 947 F.2d at 478 (emphasis in original); Hallco, 256 F.3d at 1294.

The Supreme Court and the Fifth Circuit are in accord.  "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131 (1979); see also, Petro-Hunt, L.L.C. v. U.S., 365 F.3d 385, 395, n.52 (5th Cir. 2004).

**B.     z4 Is Entitled To Summary Judgment That All Units Of Microsoft Software With Adjudicated Product Activation Technology Infringe, And Hence Warrant Compensation, Regardless Where Sold**

Microsoft does not and cannot dispute that in z4 I, z4 accused <u>all</u> units of Microsoft software with Adjudicated Product Activation Technology — including units sold outside the U.S. — of infringing under 35 U.S.C. § 271(a).  Indeed, Microsoft argued to the Federal Circuit, in its petition for rehearing, that z4 "alleged that foreign sales of Microsoft's software were infringing, see Ex. 564, . . . and made no effort to allocate damages among foreign and domestic sales." (Ex. 4, Petition, p. 11.)  Similarly, before this Court, Microsoft argued in a pre-verdict JMOL motion:  "We don't believe that the plaintiffs [sic] have proved infringement of sales made outside the U.S."[1]  (Ex. 5, 4/13/06 Tr., p. 127.)



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

---

[1] Microsoft did not preserve the issue because, as discussed below, it did not renew the JMOL motion post-trial, nor raise it properly the issue on appeal.  z4 I, 507 F.3d at 1355-56.

It is also undisputed that the jury found infringement under 35 U.S.C. § 271(a) for all accused units regardless of where sold.  In its June 2006 Order denying injunction, this Court ordered "Microsoft to file quarterly reports in the new action [*i.e.*, the instant action] beginning on July 1, 2006 indicating the <u>number of units sold</u> with regard to <u>all Microsoft products found to infringe z4's patents in this case</u>."  (Ex. 3, 6/14/06 Injunction Order, p.12, emphasis added.)  Microsoft acknowledges that "the products contained in the quarterly reports . . . contain the product activation technology that was the subject of z4 I" and that the "quarterly reports contain <u>world wide</u> unit information." (Ex. 6, 1/9/08 Resp. to Int. No. 1, p. 4, emphasis added.)  The jury found infringement without qualification.  (Ex. 1, *z4 I* Verdict.)

Microsoft contends now that "based on the Supreme Court's holding in *Microsoft Corp. v. AT&T Corp.*, sales of those product do not infringe and z4 is not entitled to damages on those products." (Ex. 6, p. 4.)  First, *res judicata*/claim preclusion bars any defense that Microsoft raised or could have raised with respect to "foreign sales." *Brown*, 442 U.S. at 131; *Foster*, 947 F.2d at 478; *Petro-Hunt*, 365 F.3d at 395, n. 52.  As noted above, Microsoft initially raised a "foreign sales" issue in its pre-verdict JMOL motion in *z4 I*.  Its failure to preserve that issue post-verdict bars Microsoft from raising that defense in the instant case. *Id.; id.*

Second, the *AT&T* case addresses infringement under § 271(f), an issue not present in *z4 I* or the instant case.  As the Federal Circuit explained, Microsoft's invocation of *AT&T* is irrelevant because this case does not involve § 271(f):

> We reject Microsoft's request for a retrial on damages because we find no properly-defined § 271(f) issue in the record. . . . [T]he jury did not and could not have relied on § 271(f) in determining its damages award. The complaint alleged infringement using only language from § 271(a) . . . . The jury



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

instructions similarly only paralleled the language of § 271(a) . . . Because no § 271(f) issues were presented to the jury, and because the jury instructions communicated the requirements for finding infringement only under § 271(a), we must assume that the jury properly confined its analysis and ultimate finding of liability to the instructions given under § 271(a) . . . Microsoft may or may not have legitimate arguments regarding the propriety of considering specific foreign sales in a damages calculation for infringement under § 271(a), but it raised no such arguments here.  Additionally, we find no evidence in the record that Microsoft presented any evidence to the district court segregating domestic and foreign sales.

*z4 I*, 507 F.3d at 1355-56.

In short, in *z4 I*, z4 accused, and the jury found infringement for, <u>all</u> units of software with the Adjudicated Product Activation Technology regardless of where sold. Because this case involves the identical accused Adjudicated Product Activation Technology, *res judicata*/claim preclusion bars all defenses — including a non-infringement defense that units sold outside the U.S. do not infringe.

In *z4 I*, z4 was awarded damages for many infringing units sold through February 2006.  Accordingly, z4 is entitled to summary judgment in the instant case that z4 is entitled to compensation for all units of software not adjudicated in *z4 I* that include Adjudicated Product Activation Technology, regardless where sold.

**C.    z4 Is Entitled To Summary Judgment That Microsoft's Continuing Infringement Was And Is Willful**

Microsoft  also litigated and lost the issue of willfulness.   (Ex. 1, *z4 I* Verdict; Ex. 2, 8/18/06 Opinion, pp. 12-16.)  All arguments that were raised or could have been raised



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

are barred by *res judicata*. *Brown*, 442 U.S. at 131; *Foster*, 947 F.2d at 478; *Petro-Hunt*, 365 F.3d at 395, n. 52.

In the January 15, 2008 Joint Report to the Court, Microsoft asserted:

> With regard to willfulness, the initial issue is whether Microsoft was willful at all, and a second issue is the application of the Federal Circuit's decision of *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007), which makes clear that even if z4 I were affirmed on appeal, z4 would not be entitled to enhanced damages due to willful infringement for new sales in this case. *E.g., Montana v. United States,* 440 U.S. 147, 155 (1979) (when legal principles have "changed significantly" from an earlier judgment, it is inappropriate to apply collateral estoppel).

(Docket #47, p. 3.)

Concerning Microsoft's "initial issue," the question of "whether Microsoft was willful at all" pre-verdict has been decided and *res judicata* forecloses any re-litigation of the issue. *Brown*, 442 U.S. at 131; *Foster*, 947 F.2d at 478; *Petro-Hunt*, 365 F.3d at 395, n.52. Microsoft did not even appeal the jury's finding of willful infringement.

Post-verdict, Microsoft's ongoing infringement can only be <u>more</u> willful. *Bott v. Four Star Corp.*, 807 F.2d 1567, 1574 (Fed. Cir. 1986). It now knows that the jury, this Court, and the Federal Circuit agree that the Adjudicated Product Activation Technology infringes the z4 patents, yet it continues to make, use, and sell infringing software. Microsoft could not be more willful.

On Microsoft's "second issue," *Seagate* has no bearing on this case. In *Seagate*, the Federal Circuit held that the issue is whether Microsoft was "objectively reckless":

> [T]o establish willful infringement, a patentee must show by clear and convincing evidence [1] that the infringer acted despite an objectively high likelihood that its actions constituted



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

> infringement of a valid patent . . . [and] [2] that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*).

Objectively, Microsoft's on-going infringement is reckless. Both prongs of the *Seagate* test are undeniably met. First, at least since April 19, 2006, Microsoft acted — continued to sell software with Adjudicated Product Activation Technology — despite the jury's verdict that z4's patent was valid and infringed. And Microsoft continued to "act" after the Court denied its post-trial motions for JMOL and new trial. Even today, after the Federal Circuit's affirmance and denial of Microsoft's petition of rehearing, Microsoft continues to "act." If that does not constitute "an objectively high likelihood [of] infringement of a valid patent," *id.*, nothing can ever meet this test. Importantly, Microsoft's subjective belief that it would prevail on appeal is irrelevant. *Id.*

Second, "this objectively-defined risk" was "known" and "so obvious that it should have been known to" Microsoft. *Id.* Microsoft was aware of all the rulings, so the risk was plainly known.

z4 is entitled to summary judgment that Microsoft's continuing infringement is willful.

## D.   Validity And Enforceability Are Undisputed

Microsoft's answer to the amended complaint in this case questions the validity of the z4 patents. (Answer, Docket #24, ¶ 11.) Post-appeal, however, Microsoft has not

**B|K**

**Brooks Kushman P.C.**
1000 Town Center, 22ᴺᴰ Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

contested validity in the instant case.  Microsoft has never questioned enforceability in this case.

Accordingly, z4 is entitled to summary judgment on validity and enforceability.

**E.     The Compensation *Rate* Is A Decision For *This
         Court* After Briefing/Hearing On The Matter**

        After this Court's June 2006 decision ordering that this new case be filed in lieu
of granting an injunction, the Federal Circuit issued two opinions addressing how such
post-verdict compensation is determined and who determines it.   Because these cases shape
the remainder of the proceedings <u>not</u> adjudicated via summary judgment, z4 provides its views
on their impact on this case.

**1.     *Paice v. Toyota***

        In *Paice v. Toyota,* the district court declined a post-verdict injunction and
instead ordered an on-going royalty.   504 F.3d at 1313-14.   The district court did not
independently analyze the appropriate compensation rate, but instead adopted the jury's
pre-verdict damage rate of $25/vehicle.  *Id.*  Paice argued on appeal that the district court had
no authority to grant such relief and that Paice was deprived its Seventh Amendment right to
a jury trial.  *Id.* at 1314.   The Federal Circuit rejected Paice's arguments.  *Id.* at 1314-16.

        The Federal Circuit held that the district court has equitable power under 35
U.S.C. § 283 (the injunction provision) to award monetary compensation, in lieu of an
injunction, for post-verdict infringement.  *Paice,* 504 F.3d at 1314-15 ("awarding an ongoing
royalty for patent infringement in lieu of an injunction may be appropriate").   The Federal

**B|K**

**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

Circuit further held that Congress had made it clear that this right/relief arises under Section 283 and therefore is equitable, *i.e.*, for the court: "[N]ot all monetary relief is properly characterized as 'damages' . . . As such, the fact that monetary relief is at issue in this case does not, standing alone, warrant a jury trial." *Id.* at 1315, n.16.[2] The Federal Circuit rejected Paice's Seventh Amendment argument. *Id.* at 1315.

The Federal Circuit vacated the district court's $25/vehicle rate, however, because the district court did not provide sufficient reasoning to support the award. *Id.* at 1315.

**2.   *Amado v. Microsoft***

In a more recent opinion, *Amado v. Microsoft*, the Federal Circuit reenforced that (1) determination of post-verdict compensation is an equitable determination for the court, and (2) the court may not merely adopt the jury's rate but must instead independently analyze the appropriate compensation rate. 2008 WL 495760 at *7-8. The Federal Circuit also gave insight into the factors that a court may consider in assessing the appropriate compensation rate, suggesting that the post-judgment royalty rate should be above the jury's rate:

> On the other side of the dispute, Microsoft argues that the district court was entitled to award Amado no more than $0.04 per infringing unit, the amount the jury found to be a reasonable royalty. We easily dispose of this argument as well. The jury's award of $0.04 per unit was based on Microsoft's infringing conduct that took place prior to the verdict. There is a



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield,  MI  48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

---

[2]  The Federal Circuit stated: "The wording of 35 U.S.C. § 283, which empowers *courts* . . . [to] grant injunctions in accordance with the principles of *equity* . . . on such terms as the court deems reasonable, leaves no doubt that Congress did not intend to statutorily entitle patentees to a jury trial for the purposes of awarding relief thereunder." 504 F.3d at 1315, n.16 (emphasis in original).

fundamental difference, however, between a reasonable royalty for pre-verdict infringement and damages for post-verdict infringement. *Cf. Paice LLC v. Toyota Motor Corp.,* 504 F.3d 1293, 1317 (Fed. Cir. 2007) ("[P]re-suit and post-judgment acts of infringement are distinct, and may warrant different royalty rates given the change in the parties' legal relationship and other factors.") (Rader, J., concurring).  Prior to judgment, liability for infringement, as well as the validity of the patent, is uncertain, and damages are determined in the context of that uncertainty. Once a judgment of validity and infringement has been entered, however, the calculus is markedly different because different economic factors are involved. *See, id.* at 1315.

*Id.* at *7.

The Federal Circuit noted that *Amado* involved an injunction and then a stay, whereas *Paice* involved a denial of injunction. *Id.* However the changed circumstances quoted above arise in either situation.  Similarly, the following Federal Circuit instruction applies equally when (a) an injunction is denied and (b) an injunction is entered followed by a stay:

the assessment of damages for infringements taking place after the injunction should take into account the change in the parties' bargaining positions, and the resulting change in economic circumstances, resulting from the determination of liability — for example, the infringer's likelihood of success on appeal, the infringer's ability to immediately comply with the injunction, . . .

*Id.* at *8.

In *Amado*, the jury's rate was $0.04/unit.  The district court had awarded $0.12/unit for post-verdict compensation based on taking the jury's rate and trebling for willfulness. *Id.* at *6. The Federal Circuit remanded with instruction for the court to consider a compensation between $0.04/unit and $2.00/unit, without considering willfulness. *Id.* at *8, n.2.  Any enhancement due to willfulness would follow after the court decides the compensation rate.



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

### 3.     Summary Of Principles From *Paice* And *Amado*

From these two cases, the following principles govern determination of the appropriate compensation for Microsoft infringement that was not addressed in *z4 I*:

- The question is equitable, for the Court.[3] *Paice,* 504 F.3d at 1314-16.

- The Court must independently analyze the appropriate rate, as opposed to merely accepting the jury rate. *Paice*, 504 F.3d at 1315.

- The jury's compensation rate is a floor for the post-verdict compensation rate. *Amado*, at *8, n.2; *Paice*, 504 F.3d at 1317 (Rader concurring).

- In deciding the appropriate compensation rate, the court should consider changed positions — *e.g.*, "the infringer's likelihood of success on appeal," and "the infringer's ability to immediately comply with the injunction." *Amado*, at *8; *Paice*, 504 F.3d at 1317 (Rader concurring).  The rate can be significantly higher than the jury rate to account for changed positions. *Amado*, at *8.

- willfulness does not influence the compensation rate. *Amado*, at *8.

Accordingly, the Court should also grant partial summary judgment that the only remaining issues, *i.e.*, compensation rate, total compensation, and enhancement are for the Court.  In addition, the Court should:

    (a)    set a brief discovery period/expert report calendar for these issues; and

    (b)    schedule briefing and a hearing to resolve the issues.

**B|K**

**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

---

[3] In its Complaint in this action, z4 requested a jury trial.  That request was made in 2006, before the Federal Circuit decided *Paice* and *Amado*.  Assuming the Court agrees with z4 on the issues raised in this Motion, z4 will withdraw its request for a jury.

### III.  CONCLUSION

For the foregoing reasons, the Court should enter partial summary judgment that:

(1)    all copies of Microsoft software with Adjudicated Product Activation Technology infringe;

(2)    the infringement is willful;

(3)    claim 32 of the '471 patent and claims 44 and 131 of the '825 patent are valid;

(4)    the '471 and '825 patents are enforceable; and

(5)    the only issues remaining, *i.e.*, the compensation rate, total compensation and enhancement, are for the Court.

The Court should also schedule (a) a brief discovery and expert period; and (b) briefing and hearing on remaining issues set forth in (5) above.

Date:  **March 31, 2008**

By:  /s/ Thomas A. Lewry
THOMAS A. LEWRY (MI Bar No. P36399)
**Lead Attorney**
**BROOKS KUSHMAN P.C.**
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel:  (248) 358-4400 — Fax:  (248) 358-3351
Email:  tlewry@brookskushman.com

T. John Ward (State Bar No. 00794818)
Law Office of T. John Ward, Jr. P.C.
P.O. Box 1231
Longview, Texas 75606-1231
Email: jw@jwfirm.com

Joe Kendall (Texas State Bar No. 11260700)
Provost Umphrey, L.L.P.
3232 McKinney Avenue, Suite 700
Dallas, TX  75204
Email: jkendall@provostumphrey.com
*Attorneys for Plaintiff*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on <u>March 31, 2008</u>, I electronically filed the foregoing **z4 TECHNOLOGIES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:  Jennifer Parker Ainsworth, Matthew C. Bernstein, John Marcus Bustamante, Isabella Fu, John E. Gartman, Elton Joe Kendall, James W. Knowles, Robert Lawrence Rickman, Seth M. Sproul, and Thomas John Ward, Jr.

**BROOKS KUSHMAN P.C.**

By:  /s/ Thoms A. Lewry
THOMAS A. LEWRY (MI Bar No. P36399)
**Lead Attorney**
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel:  (248) 358-4400
Fax:  (248) 358-3351
Email:  tlewry@brookskushman.com



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com